IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2012

Lyle W. Cayce
Clerk

No. 11-10396

In the Matter of: HERITAGE SOUTHWEST MEDICAL GROUP PA,

Debtor

---

AETNA LIFE INSURANCE COMPANY; AETNA U.S. HEALTHCARE INCORPORATED,

Appellants

v.

KENNETH KOLLMEYER, M.D.; LAWRENCE ALTER, M.D.,

Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-684

---

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's affirmance of the bankruptcy court's decision not to dismiss under Federal Rule of Civil Procedure 41(b) an action by medical service providers as time-barred or for failure to prosecute or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comply with a bankruptcy court order. The bankruptcy court order at issue, in addition to deciding not to dismiss the case, remanded the case to state court. The parties do not question our jurisdiction, but we confirm that we have jurisdiction over the decision not to dismiss the case. *See Adams v. Sidney Schafer & Assocs. (In re Adams)*, 809 F.2d 1187, 1188-89 (5th Cir. 1987).

Aetna Life Insurance Company and its affiliate (collectively, "Aetna") argue that the district court should not have reopened the case because the bankruptcy court should have instead dismissed the providers' suit as time-barred by the applicable statute of limitations. The bankruptcy court and the district court correctly rejected Aetna's limitations argument on the theory that statutes of limitation and equitable tolling are not implicated where claims are initially timely filed and, thereafter, the case is stayed or administratively closed by the bankruptcy or district court, as the case may be. As we have said many times, administrative closure does not have any effect on the rights of the parties and is simply a docket-management device. *See, e.g., Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163 (5th Cir. 2004).

Alternatively, Aetna argues that the lengthy time period that elapsed while the providers waited for legal issues to be resolved in our court and in the state court prejudiced them. The district court was particularly unpersuaded by Aetna's claim of prejudice. It held that Aetna was on notice of the claims, should have retained the documents, should have obtained information regarding witnesses that would be critical in asserting its defenses, and should have taken other means to gather information regarding the validity of the claims. In its words, "[p]reserving vital evidence is basic and fundamental to avoiding legal prejudice. . . . [Aetna] offer[s] no proof that [it] will or [has] been prejudiced. The record reflects only argument by counsel." We are still in that situation, and we are similarly unpersuaded. This court sets a high bar for a dismissal with prejudice under Rule 41(b). We have said that dismissal "is appropriate *only* if

the failure to comply with the court order was the result of purposeful delay or contumaciousness *and* the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (emphases added). The bankruptcy court and the district court both correctly held that there was no basis for dismissing the providers' claims.

For these reasons and supported by excellent opinions by the bankruptcy and district courts, we AFFIRM the bankruptcy and district courts' respective orders refusing to dismiss the providers' case. Costs shall be borne by Aetna.